UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| CHRISTOPHER LYNN HOWARD ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:13-0573 |
| ] | Judge Sharp |
| CHEATHAM COUNTY SHERIFF'S ] | |
| DEPARTMENT, et al. ] | |
|     Defendants. ] | |


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is a resident of White Bluff, Tennessee. He brings this action against the Cheatham County Sheriff'S Department; Phil Coran, a Cheatham County Deputy Sheriff; and Judy Brady, a Cheatham County Commissioner; seeking damages.

On July 28, 2012, Deputy Coran responded to a domestic violence call. When he arrived at the scene, Deputy Coran took the plaintiff into custody and brought him before the Commissioner, Judy Brady. Commissioner Brady issued a warrant for the plaintiff's arrest.

The warrant, as well as a notation from Commissioner Brady that she "was entering an order of protection", were placed in the plaintiff's record. The plaintiff later learned that an order of protection had never been issued against him. The notation about the non-existent order of protection in plaintiff's record, however, would later be the source of subsequent legal problems.

The plaintiff claims that he was falsely arrested by Deputy Coran. He further alleges that Commissioner Brady "had no authority to put something like this on my record."

The plaintiff has not set forth any factual allegations alleging that the Cheatham County Sheriff's Department violated his rights in any way. Thus, he has failed to state an actionable claim against this defendant.

The plaintiff asserts that he was innocent of any domestic violence. For that reason, he believes that Deputy Coran wrongly placed him under arrest.

To succeed on a claim of false arrest, the plaintiff must show that the officer lacked probable cause to arrest him. <u>Arnold v. Wilder</u>, 657 F.3d 353,363 (6th Cir.2011). In his statement of the facts, the plaintiff acknowledges that Commissioner Brady "wrote the warrant out and put it in the computer." Apparently, Commissioner Brady made a finding of probable cause and issued an arrest warrant. As a consequence, it appears that the plaintiff was not a victim of false arrest.

Finally, the plaintiff seeks damages from Commissioner Brady for noting in his record that an order of protection would be entered when such an order never was issued. At best, Commissioner Brady may have in some way been negligent in her duties. Negligent conduct, however, does not rise to the level of a constitutional deprivation. <u>Estelle v. Gamble</u>, 97S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and

Fourteenth Amendments. <u>Whitley v. Albers</u>, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); <u>Daniels v. Williams</u>, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to allege conduct in violation of his federally protected rights.

In the absence of a constitutional violation, the plaintiff has failed to state a claim against the defendants upon which relief can be granted. Because the plaintiff is proceeding as a pauper, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge